UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 18- 01089 |
| ) | |
| $95,250.00.00 IN UNITED STATES ) | |
| CURRENCY, More or less, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**COMPLAINT FOR FORFEITURE IN REM**

Plaintiff, United States of America, by and through its attorneys, Stephen R. McAllister, United States Attorney for the District of Kansas, and Colin Wood, Special Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

**NATURE OF THE ACTION**

1. This is an action to forfeit and condemn to the use and benefit of the United States of America the following property: $95,250.00 in U.S. Currency, more or less (hereinafter "defendant property"), for violations of 21 U.S.C. § 841.

**THE DEFENDANT IN REM**

2. The defendant property consists of: $95,250.00 in United States currency, more or less, that was seized by the Kansas Highway Patrol on or about February 9, 2018 during a routine traffic stop on I-70 of a 2017 Chevrolet driven by Michael Young at milepost 230 in

Lincoln County, Kansas, in the District of Kansas. The currency is currently in the custody of the United States Marshal Service.

## JURISDICTION AND VENUE

3. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendant property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355.

4. This Court has *in rem* jurisdiction over the defendant property under 28 U.S.C. 1355(b). Upon filing this complaint, the plaintiff requests that the Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this district and/or pursuant to 28 U.S.C. § 1395, because the defendant property is located in this district.

## BASIS FOR FORFEITURE

6. The defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes 1) money, negotiable instruments, securities and other things of value furnished or intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; and/or 2) proceeds traceable to such an exchange; and/or 3) money, negotiable instruments, and securities used or intended to be used to facilitate a violation of the Controlled Substances Act.

7. Supplemental Rule G(2)(f) requires this complaint to state *sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof*

*at trial*. Such facts and circumstances supporting the seizure and forfeiture of the defendant property are contained in Exhibit A which is attached hereto and incorporated by reference.

### CLAIM FOR RELIEF

WHEREFORE, the plaintiff requests that the Court issue a warrant for the arrest of the defendant property; that notice of this action be given to all persons who reasonably appear to be potential claimants of interests in the properties; that the defendant property be forfeited and condemned to the United States of America; that the plaintiff be awarded its costs and disbursements in this action; and for such other and further relief as this Court deems proper and just.

The United States hereby requests that trial of the above entitled matter be held in the City of Wichita, Kansas.

Respectfully submitted,

STEPHEN R. MCALLISTER
United States Attorney

_____
COLIN D. WOOD, #19800
Special Assistant United States Attorney
1200 Epic Center, 301 N. Main
Wichita, Kansas 67202
(316) 269-6481
Fax (316)269-6484

## DECLARATION

I, Scott Proffitt, Task Force Officer with the Drug Enforcement Administration in the District of Kansas.

I have read the contents of the foregoing Complaint for Forfeiture, and the exhibit thereto, and the statements contained therein are true to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this \_\_1st\_\_ day of \_\_MARCH\_\_, 2018.

_____
TFO Scott Proffitt
DEA

4

## AFFIDAVIT

I, Scott Proffitt, being first duly sworn, depose and state:

1. Your Affiant has been employed as a Kansas Highway Patrol (KHP) Trooper for fourteen (14) years and has been cross-designated as a DEA Task Force Officer for five (5) years. My duties include investigation of violations of the Controlled Substance Act, Title 21 of the United States Code and the forfeitures thereto.

2. The information contained in this affidavit is known to your Affiant through personal direct knowledge, and /or through a review of official reports prepared by other law enforcement personnel. This affidavit is submitted in support of a forfeiture proceeding.

3. On or about February 9, 2018, Kansas Highway Patrol (KHP) Trooper Levi Fleming stopped for a traffic violation a rented 2017 Chevrolet Impala on I-70 at milepost 230 in Lincoln County, in the District of Kansas.  The driver and only occupant was Michael YOUNG who said that he had flown to New York, spent one (1) day visiting his grandmother, and then rented a car to return to California.

4. During a consent search of the vehicle, Trooper Fleming found in the trunk in a leather bag hidden under the secured spare tire $95,250.00 in U.S. currency.  YOUNG had previously told Trooper Fleming that he was not in possession of any illegal items or large sums of currency.

5. Trooper Fleming also located in another bag a small amount of marijuana that field-tested positive for THC.  YOUNG said that he was a regular user of marijuana.

6. YOUNG said the currency did not belong to him but he refused to identify the owner. YOUNG told officers that he is a "consultant" in the production of marijuana.

7. A certified drug detection canine later alerted to the odor of controlled substances emitting from the currency.

8. Based on the information set out above, Affiant has probable cause to believe that the $95,250.00 seized by the Kansas Highway Patrol constitutes money or other things of value furnished or intended to be furnished in exchange for a controlled substances, or proceeds traceable to such an exchange, or was used or intended to be used to facilitate one or more violations of Title 21, U.S.C. § 841 et.seq. Accordingly, the $95,250.00 is subject to forfeiture pursuant to Title 21, U.S.C. §§ 853 and 881.

Scott Proffitt, TFO
DEA

Sworn to and subscribed before me this 1st day of March, 2018



JONATHAN PAUL HUGHES
NOTARY PUBLIC
STATE OF KANSAS
My Appt. Exp. 3-21-21

Notary Public